**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>$6,453.00 in PayPal Account No. 2919,<br><br>Defendant. | No. CV-21-01767-PHX-DWL<br><br>**ORDER** |

Pending before the Court is the government's motion for default judgment. (Doc. 11.) For the following reasons, the motion is granted.

**BACKGROUND**

I.  Relevant Facts

The Court takes the verified complaint's factual allegations as true because the Clerk entered default. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (upon default, a complaint's allegations are taken as true, except those relating to damages).

In May 2020, Diane E. Wallen ("Wallen"), or a person claiming to be Wallen, applied to the Arizona Department of Economic Security ("DES") for unemployment insurance benefits. (Doc. 1 ¶ 22.) To establish eligibility for such benefits, applicants were required to, among other things, "provide their name, Social Security Number, [and] mailing address and . . . self-certify that they meet one of the COVID-19 related reasons for being unemployed, partially unemployed, or unable or unavailable to work." (*Id.* ¶ 11; *see also id.* ¶ 19 ["The application requires a name, valid social security number, date of

birth, address, employment information, and current employment status."].)

On April 22, 2021, Judge Boyle authorized a "federal seizure warrant to seize approximately 212,534 accounts held by PayPal." (*Id*. ¶ 23.) "[A]ll seized accounts had suspected fraudulent payments from Arizona DES deposited or transferred into [them]." (*Id*.) One of the seized accounts, which is the account at issue in this case, was PayPal account #2919, which contained $6,453 in "fraudulently obtained unemployment insurance payments" that had been obtained via Wallen's DES application. (*Id*. ¶ 2.)

After the Secret Service initiated administrative forfeiture proceedings with respect to the $6,453 in seized funds, a person claiming to be Wallen submitted a claim to contest the forfeiture. (*Id*. ¶ 24.) However, this person failed to respond to requests for supporting documentation. (*Id*. ¶¶ 25-26.) Additionally, Secret Service investigators later determined the following: "1) the email address provided by Ms. Wallen was known to be fraudulent and foreign in nature, 2) the IP address reflected a Chicago tie but the mailing address was Chandler, Arizona, 3) the address name was incorrect as there is no Concho Lanen in Chandler, and 4) the name and SSN provided had an OP in Colorado." (*Id*. ¶ 27.)

The verified complaint alleges that seized funds are subject to forfeiture under 18 U.S.C. § 981(a)(1) because they constitute the proceeds of wire fraud committed in violation of 18 U.S.C. § 1343. (*Id*. ¶ 1.)

II.   Procedural Background

After the verified complaint was filed in October 2021 (Doc. 1), the Clerk issued a warrant for arrest *in rem* of the defendant property (Doc. 4). The Secret Service then arrested the defendant property. (Doc. 5.) Pursuant to Supplemental Rule G(4), the government sent direct notice of the forfeiture action to Wallen via first class and certified U.S. mail. (Docs. 7, 7-1.)

The government "also notified any unknown potential claimants to this proceeding by way of publication" and "[n]otice of this civil forfeiture action was posted on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days, beginning on October 21, 2021." (Doc. 9 at 2.) "Publication was complete on November 19, 2021."

(Docs. 6, 11.) Afterward, the government "applied for default against all potential claimants, known and unknown to the government." (Doc. 9.) The Clerk entered default on December 23, 2021. (Doc. 10.)

**DISCUSSION**

I. Legal Standard

The "decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The following factors, known as the *Eitel* factors, may be considered when deciding whether default judgment is appropriate: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether the default was due to excusable neglect, and (7) the policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

"[T]he general rule" for default judgment purposes "is that well-pled allegations in the complaint regarding liability are deemed true." *Fair Housing of Marin v. Combs,* 285 F.3d 899, 906 (9th Cir. 2002). "The district court is not required to make detailed findings of fact." *Id*. "However, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992), *superseded by statute on other grounds as recognized in United States v. Lozano,* 2020 WL 905676, *3 (S.D. Cal. 2020).

II. The First, Fifth, Sixth, and Seventh *Eitel* Factors

"In cases like this one, in which Defendants have not participated in the litigation at all, the first, fifth, sixth, and seventh [*Eitel*] factors are easily addressed." *Zekelman Indus. Inc. v. Marker*, 2020 WL 1495210, *3 (D. Ariz. 2020).

The first factor weighs in favor of default judgment. If the government's motion were denied, it would be without other recourse for recovery. *PepsiCo, Inc. v. Cal. Sec. Cans.*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

The fifth and sixth factors weigh in favor of default judgment or are neutral. Due to the lack of any claimant's participation, there is no dispute over material facts and no

indication that default is due to excusable neglect.

The seventh factor generally weighs against default judgment, given that cases "should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, the existence of Rule 55(b), which authorizes default judgments, "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177.

### III. The Fourth *Eitel* Factor—The Amount Of Money At Stake

Under the fourth factor, the Court considers the amount of money at stake in relation to the seriousness of the defendant's conduct. Here, the government seeks to forfeit $6,453. (Doc. 11 at 5.) That is a relatively modest sum. *United States v. $73,982.00 in U.S. Currency*, 2013 WL 6844802, *2 (D. Nev. 2013) (concluding that the sum of $73,982.00 was "not so great as to preclude default judgment"). Thus, this factor weighs in favor of default judgment.

### IV. The Second And Third *Eitel* Factors—Merits and Sufficiency

That leaves the second and third *Eitel* factors—the merits of the claim and the sufficiency of the complaint. "These two factors are often analyzed together and require courts to consider whether a plaintiff has stated a claim on which it may recover." *Vietnam Reform Party v. Viet Tan - Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019) (internal quotation marks omitted). "Of all the *Eitel* factors, courts often consider the second and third factors to be the most important." *Id.*

Here, the second and third factors weigh in favor of granting default judgment. The verified complaint alleges that a person claiming to be Wallen applied to DES for unemployment benefits on May 28, 2020, that applicants were required to provide a valid address (among an array of other information), and that the address provided in Wallen's application was false. (Doc. 1 ¶¶ 11, 19, 22, 27.) Taken as true, those allegations are sufficient to establish that the funds obtained pursuant to Wallen's application are the proceeds of wire fraud, which in turns means those funds are subject to forfeiture.[1]

---

[1] The government contends the allegations in the complaint are sufficient to establish wire fraud in part because "Wallen was not employed by the State of Arizona 12 months prior to her application for . . . benefits." (Doc. 11 at 4.) The difficulty with this argument is that the complaint contains no allegations regarding Wallen's employment by the State

V.  Balancing The Factors

Having considered all the *Eitel* factors, the Court concludes that default judgment is appropriate.

Accordingly,

**IT IS ORDERED** that the motion for default judgment (Doc. 11) is **granted**. A separate judgment shall issue, after which the Clerk shall terminate this action.

Dated this 21st day of March, 2022.

_____
Dominic W. Lanza
United States District Judge

---

of Arizona (or lack thereof). Nevertheless, because the other factual allegations in the complaint are sufficient to establish that the funds at issue constitute the proceeds of wire fraud, this omission is immaterial.